*989 TEXTO COMPLETO DE LA RESOLUCION
Se solicita que revisemos una resolución de la Comisión de Servicio Público que denegó la desestimación de una querella. La Comisión resolvió que, contrario a lo que plantea la querellada-recurrente, Sea Land de Puerto Rico, Inc., la agencia posee jurisdicción para dilucidar la controversia planteada en la querella. Examinado el expediente y el derecho aplicable, denegamos expedir el auto de revisión solicitado.
I
El 30 de noviembre de 1998, la Confederación de Camioneros y la Asociación de Camioneros de Arrastre de Puerto Rico (en adelante los camioneros) radicaron una querella contra Sea Land Service, Inc. (en adelante Sea Land) ante la Comisión de Servicio Público de Puerto Rico (en adelante la Comisión). En dicha querella, los camioneros exponen que sus respectivas organizaciones son entidades sin fines de lucro que agrupan a camioneros independientes de todo el país, que Sea Land es una empresa con fines de lucro dedicada al transporte comercial marítimo y que la misma posee furgones con sus “chasis” para la prestación de sus servicios.
Se alega, en síntesis, que ciertas actuaciones de Sea Land impiden la prestación del servicio de carga por parte de los camioneros, un servicio público autorizado por la Comisión. Los camioneros exponen que Sea Land decidió no utilizar mil trescientos (1,300) “chasis” de su propiedad para la transportación de los furgones. Aducen que Sea Land decidió no utilizar los mencionados “chasis” porque le resultaba muy oneroso hacer las reparaciones necesarias para cumplir con los requisitos de la Ley de Vehículos y Tránsito y porque se había presentado un proyecto de ley en la Legislatura de Puerto Rico dirigido a responsabilizar al dueño de los “chasis” de carga por las infracciones a la ley. Los daños reclamados por los camioneros a raíz de las alegadas actuaciones de Sea Land, se basan en que al no haber “chasis” disponibles, ellos se ven obligados “a permanecer en su terminal más de siete horas para poder sacar un sólo furgón o contenedor, cuando antes se sacaban seis diarios con un sólo camión”. Por consiguiente, los camioneros solicitaron que la Comisión emitiera “una orden para mostrar causa donde se dilucide la veracidad de lo alegado y se le ordene a la querellada a pagar los daños que le ha producido a los querellantes y que la mencionada compañía cese y desista de hostigar y obligar a los querellantes a prestar un servicio público sin que medie una justa compensación por la manera de implementar una nueva forma de operar su compañía en perjuicio de los camioneros”.
El 25 de enero de 1999, Sea Land solicitó la desestimación de la querella, alegando seis fundamentos distintos, entre ellos que la Comisión carecía de jurisdicción. En cuanto a esto, Sea Land alegó que no era una compañía de servicio público, ni se dedicaba a gestión alguna de servicio público según definido en la ley.
La Comisión celebró vista y dio término a los camioneros para oponerse por escrito a la solicitud de desestimación de Sea Land, lo cual hicieron el 27 de mayo de 1999, mediante escrito que fue duplicado por Sea Land el 13 de julio de 1999. En Resolución y Orden notificada el 5 de noviembre de 1999, la Comisión deniega la solicitud de desestimación y ordena la continuación de los procedimientos, señalando la vista para el 22 de noviembre del mismo año. Luego, ésta se re-señaló para el 13 de enero de 2000
El 18 de noviembre de 1999, Sea Land solicitó reconsideración y como la Comisión no acogió su moción *990 dentro del término de quince (15) días dispuestos por la Ley de Procedimiento Administrativo Uniforme, presentó el recurso de revisión que nos ocupa. En éste, nos solicita que revoquemos la determinación de la Comisión notificada el 5 de noviembre de 1999. Aduce que la Comisión erró al asumir jurisdicción sobre Sea Land, al “no decidir conforme a las reglas básicas de hermenéutica”, ni a lo resuelto en la jurisprudencia y al “asumir prerrogativas legislativas que no pueden ser delegadas”; que la Comisión erró al fundamentarse en una ley distinta a su ley habilitadora; que aun cuando la interpretación de la Comisión sobre su jurisdicción sea correcta, dicha determinación debe ser revocada, toda vez que “para llegar a la misma, asumió contensiones [sicj que no fueron alegadas en la querella” y contrarias a las alegadas bajo juramento y, por último, que la Comisión no siguió sus procedimientos, puesto que la orden se emitió por dos de sus cinco comisionados “sin que mediara una orden o resolución asignando el asunto a éstos como lo requiere la ley”.
Sea Land también solicitó que, en auxilio de nuestra jurisdicción, paralizáramos la celebración de la vista ante la Comisión, pautada para el 13 de enero de 2000. En su moción en auxilio de jurisdicción expone que aun cuando la resolución de la Comisión no resuelve el caso en su totalidad y no es, por tanto, una resolución final, “en casos de falta de jurisdicción se puede preferir [sic] los procedimientos ante la agencia administrativa”. Cita para fundamentar su argumento de Vélez Ramírez v. Romero Barceló, 112 D.P.R. 716, 725 (1982), en el sentido de que “sería injusto requerir que una parte tenga que litigar un caso en una agencia sin jurisdicción, únicamente para cumplir con el requisito de finalidad”. También nos refiere a la decisión del Tribunal en el caso de Junta Examinadora de Tecnólogos Médicos v. Amneris Elías, 97 J.T.S. 141, Op. de 26 de noviembre de 1997. No tiene razón, según explicamos a continuación.
II
El Artículo 4.002(g) de la Ley de la Judicatura, 4 L.P.R.A. sec. 22k, concede competencia al Tribunal de Circuito de Apelaciones para revisar las decisiones y órdenes de las agencias administrativas, mediante auto de revisión, “a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por las sees. 2101 del Título 3, conocidas como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado”. 4 L.P.R.A. sec. 22k(g).
La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. 2101 y ss, en adelante LPAU), según enmendada, es la que delimita el ámbito de la revisión judicial de las decisiones de las agencias administrativas. A su vez, esta ley dispone que la solicitud de revisión podrá presentarse por cualquier “parte adversamente afectada por una orden o resolución final de una agencia... que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente...”. Mediante ley enmendatoria de 1997, la Asamblea Legislativa reitero que: “Una orden o resolución interlocutoria de una agencia no es revisable directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o decisión de la agencia”. 3 L.P.R.A. Sec. 2172.
La sección 1.3 de la LPAU especifica que es “orden o resolución parcial” aquella “que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma. ” 3 L.P.R.A. Sec. 2102(g). Además, advierte que una resolución interlocutoria es “aquella acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto procesal. ” 3 L.P.R.A. Sec. 2102(h). Por su parte, la jurisprudencia aclara que aunque la L.P.A.U., no define lo que es una “orden o resolución final”, sí contiene una descripción de lo que tiene que incluir dicha orden que nos permite delimitar el tipo de dictamen al cual se refiere la norma de finalidad. Así, el Tribunal Supremo resuelve que al requerir la ley que la resolución final incluya las determinaciones de hecho y las conclusiones de derecho que fundamentan la decisión de la agencia y advertir del derecho de solicitar reconsideración (3 L.P.R.A. sec. 2164), el término “orden o resolución *991 final”: “se refiere a las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes.” Id., Véase, Demetrio Fernández Quiñones, Derecho Administrativo y la Ley de Procedimiento Administrativo Uniforme, Ed. Forum, 1993, pág. 479 (1993). Por lo tanto, una “orden o resolución final” es aquella que pone fin a los procedimientos en un foro determinado. Junta Examinadora de Tecnólogos Médicos v. Anneris Elías y otros, supra, a la pág. 320.
Contrario a lo que argumenta la parte recurrente, cuando único la “resolución interlocutoria o parcial” es susceptible de revisión judicial es cuando la agencia actúa ultra vires, es decir, claramente sin jurisdicción. De ello, no podemos concluir que toda denegación de una moción solicitando desestimación por falta de jurisdicción sea revisable. A esos efectos el Tribunal Supremo indica:
“[EJl tribunal puede prescindir del trámite administrativo cuando se impugne la jurisdicción del foro administrativo y de las alegaciones se desprende claramente que la agencia no tiene jurisdicción. Dicha doctrina parte de la premisa que si la agencia no tiene jurisdicción, su actuación es ultra vires y es innecesario agotar los remedios provistos. ” Id., a la pág. 321.
En el caso de autos, la Resolución y Orden de la Comisión es claramente de naturaleza parcial. Dicha resolución dispone de un aspecto específico de las cuestiones de derecho ante su consideración y no pone fin a la controversia total presente en la querella que se está ventilando en dicho foro administrativo. Al resolver la moción de desestimación, la Comisión no ha resuelto con carácter final la querella ante su consideración. Por el contrario, ha concluido que debe continuar con los procedimientos administrativos y ventilar en su fondo la querella. Por lo tanto, la Resolución y Orden recurrida no es una determinación final de la agencia que pueda acogerse mediante recurso de revisión. De igual modo y según explicamos a continuación, tampoco estamos ante un caso claro de falta de jurisdicción, por lo que no procede una excepción a la normativa expuesta.
III
Según las palabras expresas de la Ley de Servicio Público de Puerto Rico, Ley Núm. 109 de 28 de junio de 1962, según enmendada, 27 L.P.R.A. sec. 1001 et seq., la Comisión de Servicio Público puede ejercer sus diversos poderes y facultades de fiscalización, no sólo con respecto a las empresas de servicio público, sino también con respecto a “[tjoda persona o entidad cuyas actuaciones afecten o puedan afectar la prestación de algún servicio público” y “[tjoda persona o entidad cuyas actuaciones u omisiones resulten en perjuicio de las actividades, recursos o intereses en relación con los cuales la Comisión tiene poderes de reglamentación, supervisión o vigilancia”. Ley de Servicio Público de Puerto Rico, Artículo 14(c)(2) y (4), 27 L.P.R.A. sec. 1101(c).
De esta forma, las facultades fiscalizadoras de la Comisión, contrario a las que se refieren a la regulación de las tarifas o a la concesión de permisos o franquicias, se extienden a toda persona o entidad cuyas actuaciones puedan afectar o resultar en perjuicio de los intereses protegidos por la Comisión. La resolución impugnada claramente se apuntala en esta disposición de la ley orgánica de la Comisión al resolver que ésta tiene jurisdicción para entender en la presente querella.
Por otra parte, la jurisprudencia citada por Sea Land para cuestionar la jurisdicción de la Comisión, es distinguible del caso de autos. En P.R. Lighterage Co. v. Caribe Tugboat Corp., 111 D.P.R. 686 (1981), la Comisión se adjudicaba jurisdicción para reglamentar lo concerniente a unas tarifas por servicios cobradas por ciertas compañías de remolque en el área portuaria de San Juan. La Comisión basó su determinación de jurisdicción en que las querelladas en el caso eran porteadores públicos dedicados al transporte de bienes por agua. Id., a la pág. 687. Basándose en la Ley de Servicio Público, supra, el Tribunal Supremo determinó que la referida actividad de remolque no constituye un servicio público sujeto a la jurisdicción de la Comisión y en *992 ese mismo contexto estableció que la Comisión “no puede asumir jurisdicción sobre clase alguna de actividad que no esté claramente autorizada por ley para ello”. Id., a las págs. 691-692. En el caso de autos, la Comisión no le adjudica a Sea Land carácter de servidora pública, sino que apela a su facultad institucional de velar por que no se intervenga y perjudique la prestación de un servicio público, al amparo del inciso (c) del Artículo 14 de la Ley de Servicio Público, supra, disposición que no se menciona en el caso de P.R. Lighterage Co. v. Caribe Tugboat Corp., supra.
En Viajes Gallardo v. Clavell, 131 D.P.R. 275 (1992), el Tribunal Supremo delimitó claramente la norma de P.R. Lighterage Co. v. Caribe Tugboat Corp., supra, a la “situación en que una empresa realiza una actividad que claramente no estaba sujeta a reglamentación y fiscalización por la Comisión”. Según expresa el Tribunal: “Fue en ese contexto que este Tribunal señaló que la Comisión y los tribunales no pueden añadir tipos de empresas a los que define la Asamblea Legislativa como de servicio público, ni asumir jurisdicción sobre actividades que no estén autorizadas por ley. ” Viajes Gallardo v. Clavell, supra, a la pág. 284.
Surge claramente del expediente que la reclamación de los camioneros se basa en la retención por Sea Land de una cantidad significativa de los “chasis” que son necesarios para transportar los furgones y en su alegación de que eso afecta o perjudica la prestación del servicio público de transportación de carga por la vía terrestre. En el procedimiento que se impugna, la Comisión está ejerciendo jurisdicción al amparo del Artículo 14(c) de su ley orgánica para examinar esta alegación y proveer el remedio que la ley disponga. No estamos, por tanto, ante un caso claro de falta de jurisdicción o una actuación ultra vires de la Comisión. Al concluir el proceso, las partes podrán impugnar las conclusiones de la agencia, inclusive el ámbito de su jurisdicción, si lo entienden necesario.
Por los fundamentos expuestos, resolvemos que no nos corresponde intervenir en esta etapa de los procedimientos, por lo cual denegamos la expedición del auto de revisión y, por tanto, la moción en auxilio de jurisdicción.
Notifíquese inmediatamente por facsímil y por la vía ordinaria.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General